IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MYRA COCHRAN, | ) |
|     Plaintiff, | ) ) ) |
| v. | ) CIVIL ACTION 14-0569-WS-N |
| THE SOUTHERN COMPANY d/b/a ALABAMA POWER, | ) ) ) ) |
|     Defendant. | ) ) |

**ORDER**

    This matter comes before the Court on defendant's Motion to Dismiss (doc. 8). The court-ordered briefing schedule having expired, the Motion is now ripe.

**I.    Background.**

    In a Complaint (doc. 1) filed on December 16, 2014, plaintiff, Myra Cochran, by and through counsel, purported to bring a claim under 42 U.S.C. § 1981 against defendant, The Southern Company d/b/a Alabama Power. The well-pleaded factual allegations of the Complaint reflect that Cochran is employed by Alabama Power and that she raised multiple complaints to Alabama Power "concerning discriminatory treatment she was receiving on the job," culminating in an EEOC Charge of Discrimination. (Doc. 1, ¶ 4.) The Complaint further alleges that, after Cochran filed her EEOC Charge, Alabama Power "has engaged in a pattern of retaliatory behavior," including having her work "unduly scrutinized, criticized and disrupted by her supervisors." (*Id.*, ¶ 5.) On the basis of these factual allegations, Cochran purports to assert a § 1981 retaliation claim against Alabama Power.

    Alabama Power filed a Motion to Dismiss the Complaint for failure to state a claim upon which relief can be granted. The premise of the Motion is that the Complaint in its present form fails to state an actionable claim under § 1981 because it identifies neither protected activity nor a materially adverse action, such that the Complaint does not pass muster under the *Twombly* / *Iqbal* pleading standard. On April 29, 2015, Magistrate Judge Nelson entered an Order (doc. 10) specifying that Cochran must file her response to the Motion to Dismiss on or before May 13,

2015.  That date came and went without Cochran either responding to the Motion or requesting an enlargement of time.[1]  In light of these circumstances, the Motion to Dismiss is properly taken under submission at this time.

## II.     Analysis.

As an initial matter, the Court recognizes that Cochran's failure to file any response to the Motion to Dismiss neither constitutes a legal abandonment of her Complaint nor authorizes the reflexive granting of said Motion without scrutiny of its merits.  *See, e.g., Gailes v. Marengo County Sheriff's Dep't*, 916 F. Supp.2d 1238, 1243-44 (S.D. Ala. 2013) (explaining that "the Court will not treat a claim as abandoned merely because the plaintiff has not defended it in opposition to a motion to dismiss," but that "the Court will review the merits of the defendant's position" instead).[2]  That said, Cochran's omission is at her peril.  The Court cannot and will not fill in the blanks with arguments she could have raised but did not.

Defendant's Motion to Dismiss posits that the Complaint fails to state a claim upon which relief can be granted; therefore, it is properly analyzed under Rule 12(b)(6), Fed.R.Civ.P.  To withstand Rule 12(b)(6) scrutiny and satisfy Rule 8(a), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," so as to "nudge[ ][its] claims across the line from conceivable to plausible."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

---

[1]     On May 29, 2015, after the briefing schedule had expired and the Motion to Dismiss had already been taken under submission, plaintiff requested leave to file an out-of-time response.  The Court granted plaintiff leave to do so, subject to the strict limitation that any response to the Motion to Dismiss must be filed on or before June 1, 2015 (the date requested by plaintiff) "[g]iven the extreme tardiness of plaintiff's response."  (Doc. 15.)  Despite this accommodation, the June 1 deadline passed with no filing by plaintiff.

[2]     *See also Stone v. URS Energy & Const., Inc.*, 2015 WL 777682, *2 (N.D. Ala. Feb. 24, 2015) ("Mr. Stone's failure to file any opposition does not automatically mean that the [Rule 12] Motion is due to be granted."); *Church v. Accretive Health, Inc.*, 2014 WL 7184340, *7 n.10 (S.D. Ala. Dec. 16, 2014) ("the Court declines to equate plaintiff's failure to respond [to a motion to dismiss] with waiver or abandonment of those claims"); *Branch Banking and Trust Co. v. Howard*, 2013 WL 172903, *1 (S.D. Ala. Jan. 16, 2013) (plaintiff's "lack of response to the Rule 12(b)(6) Motion does not trigger the kneejerk granting of such Motion on an abandonment theory").

misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (citation omitted). "This necessarily requires that a plaintiff include factual allegations for each essential element of his or her claim." *GeorgiaCarry.Org, Inc. v. Georgia*, 687 F.3d 1244, 1254 (11th Cir. 2012). Thus, minimum pleading standards "require [ ] more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. As the Eleventh Circuit has explained, *Twombly / Iqbal* principles require that a complaint's allegations be "enough to raise a right to relief above the speculative level." *Speaker v. U.S. Dep't of Health and Human Services Centers for Disease Control and Prevention*, 623 F.3d 1371, 1380 (11th Cir. 2010) (citations omitted). "To survive a 12(b)(6) motion to dismiss, the complaint does not need detailed factual allegations, ... but must give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Randall v. Scott*, 610 F.3d 701, 705 (11th Cir. 2010) (citations and internal quotation marks omitted).

There is no question that "42 U.S.C. § 1981 encompasses claims of retaliation." *CBOCS West, Inc. v. Humphries*, 553 U.S. 442, 457, 128 S.Ct. 1951, 170 L.Ed.2d 864 (2008). However, the law is clear that "in order to constitute statutorily protected activity capable of supporting a § 1981 retaliation claim, an employee's complaint must reasonably convey that she is opposing discrimination based specifically upon race, versus some other type of discrimination or injustice generally." *Willmore-Cochran v. Wal-Mart Associates, Inc.*, 919 F. Supp.2d 1222, 1234 (N.D. Ala. 2013).[3] As Alabama Power observes, the Complaint does not allege that Cochran's EEOC

---

[3] *See also Jimenez v. Wellstar Health System*, 596 F.3d 1304, 1311 (11th Cir. 2010) ("As with other statutory retaliation claims, such a claim under § 1981 requires that the protected activity involve the assertion of rights encompassed by the statute."); *Pennington v. City of Huntsville*, 261 F.3d 1262, 1265 n.1 (11th Cir. 2001) ("A plaintiff cannot make a claim of retaliation based on religion under § 1981."); *Little v. United Technologies, Carrier Transicold Div.*, 103 F.3d 956, 961 (11th Cir. 1997) (affirming dismissal of § 1981 retaliation claim because, *inter alia*, "we conclude that [plaintiff] failed to allege that the discrimination at issue was related to his race"); *Adams v. Cobb County School Dist.*, 242 Fed.Appx. 616, 620 n.6 (11th Cir. June 15, 2007) (noting that § 1981 "prohibits an employer from retaliating against its employee as a response to the employee's complaint of race-based discrimination"); *Page v. Winn-Dixie Montgomery, Inc.*, 702 F. Supp.2d 1334, 1355 (S.D. Ala. 2010) ("The Court is thus left with no evidence (or even argument) by plaintiff on summary judgment that she ever engaged in statutorily protected activity (*i.e.*, that she ever took any action to oppose race discrimination) for § 1981 retaliation purposes."); *Hegre v. Alberto-Culver USA, Inc.*, 508 F. Supp.2d 1320, 1337 (Continued)

Charge or her "multiple complaints to Defendant concerning discriminatory treatment" were based on race, as opposed to some other type of discrimination or injustice. If Cochran did not complain about adverse treatment on the basis of race, then she did not engage in protected activity for purposes of § 1981. Nothing in the Complaint, as presently framed, would support a reasonable inference that Cochran's internal complaints or her EEOC Charge were grounded in allegations of race discrimination; therefore, her pleading does not state a plausible claim for § 1981 retaliation, and falls short under a *Twombly / Iqbal* analysis.[4]

Furthermore, the Complaint does not identify adequate facts to support the "materially adverse action" element of Cochran's claim. It is well-settled that a plaintiff alleging a § 1981 retaliation claim must show, among other things, that "he suffered a materially adverse action." *Butler v. Alabama Dep't of Transp.*, 536 F.3d 1209, 1212-13 (11th Cir. 2008). "An action is materially adverse if it might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Chapter 7 Trustee v. Gate Gourmet, Inc.*, 683 F.3d 1249, 1259 (11th Cir. 2012) (citation and internal quotation marks omitted). Cochran's vague and conclusory allegations about having her work "unduly scrutinized, criticized and disrupted" fail to set forth a plausible claim for § 1981 retaliation, inasmuch as such activities are generally held legally inadequate to constitute a materially adverse action. *See, e.g., Davis v. Town of Lake Park, Fla.*,

---

n.11 (S.D. Ga. 2007) ("because § 1981 is concerned with *racial* discrimination in the making and enforcement of contracts, no retaliation claim will lie unless the retaliation is leveled against the plaintiff due to his race") (citation and internal quotation marks omitted); *Braswell v. Allen*, 586 F. Supp.2d 1297, 1310 (M.D. Ala. 2008) ("Section 1981 prohibits an employer from retaliating against its employee in response to the employee's complaint of race-based discrimination.").

[4] This conclusion is bolstered by the contents of Cochran's EEOC Charge, which Alabama Power has attached to its Motion to Dismiss as Exhibit A. The Court may properly consider this exhibit in adjudicating the Rule 12(b)(6) Motion because it is referenced in and central to Cochran's Complaint, and Cochran has not disputed its authenticity. *See Speaker*, 623 F.3d at 1379 ("In ruling upon a motion to dismiss, the district court may consider an extrinsic document if it is (1) central to the plaintiff's claim, and (2) its authenticity is not challenged.") (citation omitted). This EEOC Charge reflects that Cochran complained of sex, age, and disability discrimination, and retaliation, but lacks any allegation or suggestion that Alabama Power had ever treated her or anyone else unfairly on the basis of race.

245 F.3d 1232, 1241 (11th Cir. 2001) ("criticisms of an employee's job performance – written or oral – that do not lead to tangible job consequences will rarely form a permissible predicate").[5]

As it stands, then, Cochran's Complaint pleads no facts raising a plausible inference that either (i) she engaged in protected activity within the ambit of 42 U.S.C. § 1981, or (ii) Alabama Power took materially adverse action against her. At most, her Complaint raises a speculative claim for relief under the anti-retaliation prong of § 1981. That is not sufficient to comport with the governing *Twombly / Iqbal* pleading standard.

### III.   Conclusion.

For all of the foregoing reasons, defendant's Motion to Dismiss (doc. 8) is **granted** pursuant to Rule 12(b)(6), Fed.R.Civ.P. Because the Court cannot rule out the possibility that Cochran might be able to state a claim with a more carefully crafted complaint, this action is **dismissed without prejudice**. A separate judgment will enter.

DONE and ORDERED this 3rd day of June, 2015.

s/ WILLIAM H. STEELE  
CHIEF UNITED STATES DISTRICT JUDGE

---

[5]   *See also Harbuck v. Teets*, 152 Fed.Appx. 846, 848 (11th Cir. Oct. 12, 2005) (where plaintiff complained that "she has been subject to heightened scrutiny since her deposition in her previous EEOC complaint," concluding that "[t]he actions about which Harbuck complains do not constitute an adverse employment action"); *McKitt v. Alabama Alcoholic Beverage Control Bd.*, 2013 WL 5406804, *17 (M.D. Ala. Sept. 25, 2013) (finding that "increased scrutiny, new office rules, or lateral transfer" did not constitute "a materially adverse employment action for a retaliation claim," but rather amounted to nothing more than "petty slights, minor annoyances, and simple lack of good manners") (citations omitted); *Flowers v. City of Tuscaloosa*, 2013 WL 625324, *24 (N.D. Ala. Feb. 14, 2013) ("Increased scrutiny of an employee's job performance in the wake of protected activity may be evidence of a retaliatory motive, in connection with a claim that the employe[r] thereafter terminated or disciplined an employee, ostensibly for work misconduct. … Such monitoring, however, has generally been deemed not actionable in itself.") (citations omitted); *Workneh v. Pall Corp.*, 897 F. Supp.2d 121, 135 (E.D.N.Y. 2012) ("Increased responsibilities and excessive scrutiny, without more, do not constitute an adverse employment action."); *Kavanaugh v. Miami-Dade County*, 775 F. Supp.2d 1361, 1370 (S.D. Fla. 2011) ("The verbal counseling Plaintiff received … does not rise to the level of an adverse employment action because verbal counseling, alone, is neither adverse nor actionable."); *Chappell v. School Bd. of City of Virginia Beach*, 12 F. Supp.2d 509, 517 (E.D. Va. 1998) ("snubs and unjust criticisms do not amount to retaliatory conduct") (citation omitted).